Leslie A. Berkoff, Esq.
Ira S. Zaroff, Esq.
MORITT HOCK & HAMROFF LLP
1407 Broadway, 39th Floor
New York, NY 10018
Tel: (212) 239-2000
lberkoff@moritthock.com
izaroff@moritthock.com

*Attorneys for Pravati Capital, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:

JOHN G. BALESTRIERE,

                    Debtor.

Chapter 7

Case No. 24-11422-lgb

------------------------------------------------------------------------x
PRAVATI CAPITAL, LLC,

                    Plaintiff,

    -against-

JOHN G. BALESTRIERE, BALESTRIERE PLLC dba
BALESTRIERE FARIELLO, and BALESTRIERE LAW
FIRM PLLC,

                    Defendants.

Adv. Case No.: 25-01110-lgb

------------------------------------------------------------------------x

**PRAVATI CAPITAL, LLC'S LIMITED OBJECTION AND RESERVATION
OF RIGHTS TO THE CHAPTER 7 TRUSTEE'S REPORT OF NO
DISTRIBUTION PURSUANT TO FED. R. BANKRUPTCY P. 5009**

Pravati Capital, LLC ("Pravati"), as a creditor and party in interest in the above-captioned chapter 7 bankruptcy case (the "Bankruptcy Case") of John G. Balestriere (the "Debtor"), and as Plaintiff in the related above captioned adversary proceeding, through its attorneys, Moritt Hock & Hamroff LLP, herby submit this limited objection and reservation of rights to the Chapter 7 Trustee's Report of No Distribution, filed as a docket text notice on November 25, 2025 in the

4154112v2

above captioned Chapter 7 proceeding (the "Trustee's Notice").[1] In support of Pravati's objection it respectfully states as follows:

## BACKGROUND

1. On July 2, 2025, Pravati filed an Adversary Complaint in the above-captioned proceeding against the Debtor and his law firms, Balestriere PLLC, and Balestriere Law Firm PLLC (the "Defendants") seeking the denial of Debtor's discharge pursuant to Sections 727(a)(2)(A), 727(a)(2)(B), 727(a)(6) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), and to determine dischargeability of Debtor's debt pursuant to Sections 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6) of the Bankruptcy Code, and against Defendants Balestriere PLLC, and Balestriere Law Firm PLCC. (Dkt. No. 1).

2. On November 10, 2025, the Court issued a Memorandum Opinion and Order Regarding Defendants' Motion to Dismiss. (Dkt. No. 19). In its Memorandum Opinion, the Court granted in part and denied in part Defendants' motion to dismiss.

3. On December 5, 2025, Defendants belatedly filed their Answer to Pravati's Adversary Complaint. (Dkt. No. 20).

4. On December 23, 2025, the Court held a Hearing to determine a Pre-Trial Scheduling Order for the Adversary Proceeding. (Dkt. No. 23). Also on December 23, 2025, the Court issued its Scheduling Order establishing deadlines for discovery and a pre-trial conference. (Dkt. No. 25).

5. On December 23, 2025, Debtor served on Pravati an initial disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1) and Federal Rule of Bankruptcy Procedure 7026.

---

[1] This limited objection and reservation of rights is respectfully submitted out of an excess of caution and for the avoidance of any doubt that the above-captioned adversary proceeding is not affected by the Trustee's Notice.

6. On December 23, 2025, Debtor also served on Pravati his First Request for the Production of Documents evidencing the Debtor's recognition that the Adversary Proceeding is progressing in the ordinary course towards trial.

## **LIMITED OBJECTION**

7. On November 25, 2025, the Trustee in the above-captioned bankruptcy proceeding filed the following docket-text notice (the "Trustee's Notice"):

> Chapter 7 Trustee's Report of No Distribution: I, Albert Togut, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 16 months. Assets Abandoned (without deducting any secured claims): $104467.15, Assets Exempt: Not Available, Claims Scheduled: $17548693.63, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 17548693.63. Filed by Albert Togut on behalf of Albert Togut. (Togut, Albert) (Entered: 11/25/2025)

8. Pravati objects to the Trustee's Notice to the extent that it would result in (i) the closure or dismissal of Pravati's Adversary Proceeding or (ii) the issuance of an order of discharge or dischargeability in the Chapter 7 case.

9. It is respectfully submitted that the claims in Pravati's Adversary Proceeding prevent this Court from issuing a discharge order before the Adversary Proceeding is fully adjudicated on the merits. *See In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 546 (Bankr. E.D.N.Y. 1999) ("an estate can not be fully administered while there are outstanding motions, contested matters, or adversary proceedings pending before the court").

10. Pravati therefore objects to the Trustee's Notice to the extent that it would result in a discharge or final decree before Pravati's Adversary Proceeding is fully adjudicated on the merits and respectfully requests that the Court refrain from issuing any discharge order or final decree until the Adversary Proceeding is fully adjudicated.

11. Pravati respectfully reserves all rights in connection with the Trustee's Notice, including without limitation, to seek to reopen Debtor's Chapter 7 case, the Adversary Proceeding, and to further update this Objection and reservation of rights.

WHEREFORE, Pravati objects to the Trustee's Notice and any purported proposed closure of the Chapter 7 case to the extent that it would result in a discharge order or final decree before the Adversary Proceeding is fully adjudicated on its merits, and respectfully requests that Court refrains from issuing any discharge order or final decree until after the Adversary Proceeding is fully adjudicated on the merits.

Dated: New York, New York
      December 29, 2025

MORITT HOCK & HAMROFF LLP

By:   /s/ *Ira S. Zaroff*
      Leslie A. Berkoff
      Ira S. Zaroff
1407 Broadway, 39th Floor
New York, NY 10018
Tel: (212) 239-2000
lberkoff@moritthock.com

*Attorneys for Pravati Capital, LLC*